United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SBI BUILDERS, INC.,

          Plaintiff,

    v.

LIBERTY MUTUAL INSURANCE
COMPANY, et al.,

          Defendants.

Case No. 24-cv-04216-WHO

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS**

Re: Dkt. Nos. 8, 16

Two motions are pending: (1) Plaintiff SBI Builder's ("SBI") Motion to Remand ("Remand Motion" or "Remand Mot.") [Dkt. No. 16], and (2) Defendant Livermore Multifamily Owner, LLC's ("Livermore") Motion to Dismiss ("MTD") [Dkt. No. 8]. Because Livermore was not fraudulently joined, there is no diversity between the parties and no federal jurisdiction. For the following reasons, SBI's Remand Motion is GRANTED and Livermore's Motion to Dismiss is DENIED as moot.

## BACKGROUND

In October 2019, Livermore, a property owner and development company, entered into business with a contracting company to construct a multi-residential building in Livermore, California. Complaint ("Compl.") [Dkt. No. 1] 10, ¶ 8. The original contractor failed to complete the project. Notice of Removal ("Removal Not.") [Dkt. No. 1] 3:12-15. Liberty Mutual Insurance Company ("Liberty Mutual"), as a surety to the first contractor and pursuant to a "Takeover Agreement" between Liberty Mutual and Livermore, sought a new contractor to finish the project. *See* Dkt. No. 1 at 58–75. In February 2022, Liberty and SBI entered into a Completion Agreement ("Completion Agreement" or "the Agreement") in which SBI agreed to act as a general contractor to finish the project. Compl. at 10, ¶ 8; *see* Dkt. No. 1 at 19–43 (Completion Agreement). In

1   addition to completing the project, the Agreement provided that SBI would repair any defective

2   work resulting from the first contractor.  *See* Completion Agreement at 22–25.  SBI alleges that

3   despite its timely and consistent submission of change orders for repairing defective work and

4   completing additional requests at Liberty's direction that resulted in unanticipated costs, Liberty

5   ultimately refused to approve any change orders or pay SBI in full.  Compl. At ¶¶ 10–13.

6          As a result, in December 2023, SBI recorded a mechanics lien against Liberty and

7   Livermore for $9,016,225.33.  Dkt. No. 1 at 46 (Mechanic's Lien).  The lien lists Livermore as the

8   owner of the premises where the "labor, service, equipment or materials[] were furnished" and as

9   a beneficiary of SBI's work.  *Id.*  Within two weeks of the lien's recorded date, Livermore, as

10   Principal, and the Ohio Casualty Insurance Company ("OCIC"), as surety, posted a bond for the

11   release of the lien.  Dkt. No. 1 at 53 (Bond).

12          SBI filed a complaint in California Superior Court for the County of Alameda against

13   Liberty Mutual, Livermore, and OCIC.  *See generally* Compl.  SBI alleged four causes of action:

14   (1) breach of contract and (2) common counts against Liberty Mutual, (3) quantum meruit against

15   Liberty Mutual and Livermore, and (4) foreclosure of the mechanic's lien release bond against

16   OCIC.[1]  *Id.* at 12–16, ¶¶ 17–36.

17          Liberty Mutual, joined by OCIC and Livermore, then removed the action to this court

18   asserting diversity jurisdiction.  Removal Not. 6:8.  Liberty Mutual alleged its own diverse

19   citizenship from SBI as well as OCIC's, and conceded that Livermore, as a limited liability

20   company with members domiciled in California, shares citizenship with SBI.  *Id.* 2:19-28, *citing*

21   *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Liberty Mutual

22   went on to allege that Livermore's citizenship should not be considered for jurisdictional purposes

23   because SBI erroneously filed a claim against Livermore.  Removal Not. 5:16-19.  It argued that

24   Livermore was a fraudulently joined party to this action and its citizenship could be disregarded.

25   *Id.*  Livermore also moved to dismiss SBI's second cause of action against it.  *See generally* Dkt.

26

27   [1] SBI asserts that Liberty paid several subcontractors, but that it is unaware of whether those
    subcontractors were properly paid.  Compl. at 12, ¶ 16.  If those sums have been properly paid and

28   those recipients are released from the lien, SBI concedes that its lien claim would be reduced in
    kind.  *Id.*

United States District Court
Northern District of California

1   No. 8 (MTD).

2       SBI moved to remand on August 9, 2024.  *See generally* Remand Mot.

3                              **LEGAL STANDARD**

4       A defendant sued in state court may remove the action to federal court if the action could

5   have been brought in federal court in the first instance.  28 U.S.C. § 1441(a).  A defendant may

6   remove "any civil action brought in a State court of which the district courts . . . have original

7   jurisdiction."  *Id.*  When a civil action is removed solely under § 1441(a), all defendants who have

8   been properly joined and served must join in or consent to the removal of the action.  28 U.S.C. §

9   1446(b)(2)(A).

10      Diversity removal requires complete diversity, meaning that each plaintiff must be of a

11  different citizenship from each defendant.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

12  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to

13  allege affirmatively the actual citizenship of the relevant parties."  *Kanter v. Warner-Lambert Co.*,

14  265 F.3d 853, 857 (9th Cir. 2001) (citing *Whitmire v. Victus Ltd. t/a Master Design Furniture*, 212

15  F.3d 885, 887 (5th Cir.2000)).  In determining whether there is complete diversity, district courts

16  may disregard the citizenship of a non-diverse defendant who has been fraudulently joined.

17  *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing

18  *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)).

19      Under the doctrine of fraudulent joinder, "[j]oinder of a non-diverse defendant is deemed

20  fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining

21  diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure

22  is obvious according to the settled rules of the state."  *Morris v. Princess Cruises, Inc.*, 236 F.3d

23  1061, 1067 (9th Cir. 2001) (internal quotations and alteration omitted).  There are two ways to

24  establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability

25  of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Hunter*

26  *v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Illinois Cent.*

27  *R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).  Fraudulent joinder is established the second way if a

28  defendant shows that an "individual[ ] joined in the action cannot be liable on any theory."

United States District Court
Northern District of California

*Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).  A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a "heavy burden" since there is a "general presumption against [finding] fraudulent joinder."  *Hunter*, 582 F.3d at 1046 (citations omitted).

## DISCUSSION

## I.    REMOVAL WAS IMPROPER

SBI challenges removal on the ground that defendants have failed to establish that complete diversity exists under 28 U.S.C. § 1332 because SBI shares citizenship with Livermore. It asserts that its claim of quantum meruit against Livermore is colorable, and that Livermore is therefore a properly joined defendant.  Defendants disagree.  In the removal petition, defendants contend that "[t]here is no possibility that SBI will be able to establish liability against Livermore for quantum meruit" and so Livermore has been fraudulently joined.  Removal Not. 4:11–5:19. Defendants' arguments lack merit.

### A.  Livermore Was Not Fraudulently Joined.

Fraudulent joinder is established if a defendant can show that a party joined in the action "cannot be liable on any theory."  *Ritchey*, 139 F.3d at 1318.  Unlike the plausibility standard under Federal Rule of Civil Procedure 12(b)(6), a federal court must determine only whether there is a "*possibility* that a state court would find that the complaint states a cause of action against the [non-diverse] defendants."  *Hunter*, 582 F.3d at 1046 (emphasis added) (citation omitted).  If the court does so find, it must subsequently "find that the joinder was proper and remand the case to the state court."  *Id.*

Defendants argue that Livermore's inclusion as a defendant constitutes fraudulent joinder because SBI "fails to allege a cognizable legal theory against Livermore and there is no possibility that SBI will be able to establish liability against Livermore for quantum meruit."  Opposition to Remand ("Oppo.") 4–7.  I disagree because it is *possible* that the state court would find that plaintiff states a cause of action or that the court could so find after requiring SBI to plead more allegations against Livermore.

The Ninth Circuit has defined quantum meruit as "an equitable remedy implied by the law

under which a plaintiff who has rendered services benefiting the defendant may recover the reasonable value of those services when necessary to prevent unjust enrichment of the defendant." *In re De Laurentiis Ent. Grp. Inc.*, 963 F.2d 1269, 1272 (9th Cir. 1992). Liberty Mutual relies on a series of contractor/subcontractor cases to support its contention that Livermore was improperly joined because it was never in privity of contract with SBI. Oppo. 4–6; *see also Truestone, Inc. v. Simi W. Indus. Park II*, 163 Cal.App.3d 715, 724 (1984). But defendants ignore that "[t]he whole point of quantum meruit recovery is to compensate plaintiffs who have provided a benefit to defendants but who do *not* have a contract—express or implied—with those defendants." *In re De Laurentiis Ent. Grp. Inc.*, 963 F.2d. at 1273. Here, SBI has rendered services in the form of completing construction work in a way that arguably benefited Livermore, the originator of the multi-family housing construction project. This satisfies the requirement that the state court could possibly find that SBI states a cause of action.

Moreover, even if SBI's Complaint fails to adequately allege a cause of action against Livermore, I "must consider . . . whether a deficiency in the complaint can possibly be cured by granting [SBI] leave to amend." *GranCare*, 889 F.3d at 550. Because the state court could possibly allow SBI leave to amend to cure any deficiency, for this additional reason I conclude that fraudulent joinder is not established.

**B.  There Is No Diversity Jurisdiction.**

Because Livermore was not fraudulently joined, I now review its citizenship as it relates to SBI's. Livermore is a limited liability company, formed in Delaware. Removal Not. 2:23-25. As an LLC, it is a citizen of every state in which its owners or members are domiciled. *Johnson*, 437 F.3d at 899. It is undisputed that Livermore has owners or members who are domiciled in California. Likewise, it is undisputed that SBI is a company incorporated in and with its principal place of business in California. There is no diversity jurisdiction in this case because the plaintiff and one defendant are citizens of California. The defendants removed this case on the basis of diversity jurisdiction. Removal Not. 2:6-12. This court lacks subject matter jurisdiction to hear this case. Because there is no diversity jurisdiction here, I decline to address defendants' arguments concerning California's mechanics lien laws. *See* Oppo. 7–8.

**CONCLUSION**

For the reasons outlined above, SBI's Remand Motion is GRANTED and Livermore's Motion to Dismiss is DENIED as moot. This action is REMANDED to the Superior Court of the State of California, County of Alameda.

**IT IS SO ORDERED.**

Dated: October 11 2024

William H. Orrick
United States District Judge